IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANK DITTIG,

    Plaintiff,

    v.

ELEVATE RECOVERIES, LLC and
CF MEDICAL, LLC,

    Defendants.

16cv1155
ELECTRONICALLY FILED

**MEMORANDUM OPINION**

**I.    Introduction**

On June 24, 2016, Plaintiff, Frank Dittig ("Plaintiff"), filed a Complaint in the Court of Common Pleas of Allegheny County alleging that Defendants, Elevate Recoveries, LLC ("Elevate") and CF Medical, LLC ("CF Medical") (collectively, "Defendants"), violated the Fair Debt Collection Practices Act ("FDCPA") by sending him a collection letter with respect to a time-barred debt. Doc. No. 1-2. CF Medical removed the action to this Court on August 1, 2016. Doc. No. 1.

Currently pending before this Court is Elevate's Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(1), (2), and (6). Doc. No. 9. Plaintiff has filed a Response thereto (Doc. No. 16), and Elevate has filed a Reply (Doc. No. 17). This matter is ripe for adjudication.

**II.    Facts**

On February 24, 2016, Elevate sent a collection letter to Plaintiff attempting to collect a medical debt originally owed to Forbes Regional Hospital. Doc. No. 1-2. The letter notes that

1

Plaintiff's "past due" account with Forbes Regional Hospital has been sold to CF Medical and placed with Elevate for the purposes of collection. *Id*. The letter offers Plaintiff two potential settlement options with respect to the underlying debt: a single payment at a significant discount, or a partial payment plan for a lesser discount. *Id*. The letter notes that, "[i]f you do not pay this account(s) within 45 days from the date of this letter or dispute the validity of the account(s) as described on the back of this letter, the account(s) may be reported to one or more credit reporting agencies." *Id*. It also notes that the offer of settlement does not affect Plaintiff's right to dispute the debt or request validation of the debt. *Id*. It does not include any mention of potential litigation or court action, and does not explain that the debt may be time-barred. *Id.*

According to Plaintiff, the above-referenced debt falls outside of the applicable statute of limitations. Doc. No. 1 at ¶ 7. Plaintiff alleges that the true purpose of the collection letter was to induce Plaintiff to make a partial payment towards the debt, reviving the debt, and tolling the statutory limitations period. *Id*. at ¶¶ 12-13. Elevate has not made any other collection attempt with respect to the debt. *See generally* Doc. No. 1.

### III.     Standard of Review

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit

explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler*, 578 F.3d at 210. "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus,* 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x. 774, 776 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

## IV. Discussion

Defendant contends that the Court should dismiss the Complaint because: (1) there is no basis for the Court to exercise personal jurisdiction over Elevate; (2) Plaintiff does not have standing under Article III because he has not suffered a concrete injury in fact; and (3) the Complaint fails to state a claim upon which relief can be granted. Because the Court finds that Plaintiff has clearly failed to state a claim, Defendant's remaining arguments will be addressed only briefly.[1]

The crux of this action is Plaintiff's contention that Elevate engaged in deceptive and abusive debt collection practices in violation of the FDCPA, 15 U.S.C. §§ 1692d-f, by sending a collection letter with respect to a debt that is statutorily time-barred. The FDCPA prohibits a debt collector from, *inter alia*, "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, such as falsely representing "the character, amount, or legal status of any debt." *Id*. § 1692e(2)(A). It also prohibits "threat[s] to take any action that cannot legally be taken" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt . . .". *Id*. §§ 1692e(5), (10). In order to prevail on his FDCPA claim, Plaintiff must establish that: (1) he is a consumer

---

[1] The Court finds that personal jurisdiction does exist in this case based on Elevate's collection activity directed towards Plaintiff in this forum. *See*, *e.g*., *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015) (holding that one debt collection notice, one telephone call, and the mailing of a summons and complaint to a forum were sufficient for personal jurisdiction, and noting that even "proof of one transaction" in the forum would be sufficient "so long as the defendant's activities . . . were purposeful and there is a substantial relationship between the transaction and the claim asserted."); *Maloon v. Schwartz, Zweban & Slingbaum, L.L.P*., 399 F.Supp.2d 1108, 1113 (D. Haw. 2005) (holding that even a single collection letter is sufficient for personal jurisdiction). The Court also finds that Plaintiff has standing based on the alleged violations of the statutorily-created rights set forth in the FDCPA. *See Church v. Accretive Health, Inc*., -- F. App'x --, 2016 WL 3611543, at *3 (11th Cir. 2016) (holding that the violation of a statutory right is not a "hypothetical or uncertain injury, but "one that Congress has elevated to the status of a legally cognizable injury through the FDCPA"); *McCamis v. Servis One, Inc*., 2016 WL 4063403, at *2 (M.D. Fla. Jul. 29, 2016) ("Here, Plaintiff alleges a concrete and particularized injury in fact: Plaintiff has statutorily-created rights to be free . . . from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.").

4

who has been harmed by a violation of the FDCPA; (2) that the debt at issue arose out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant is a "debt collector"; and (4) that the defendant violated, by act or omission, a provision of the FDCPA. *Johns v. Northland Group, Inc.*, 76 F.3d 590, 597 (E.D. Pa. 2014).

In cases where the statute of limitations has expired on the debt at issue, the United States Court of Appeals for the Third Circuit has emphasized that the "expiration of the statute of limitations does not invalidate the debt," but rather "renders it unenforceable." *Huertas v. Galaxy Asset Management*, 641 F.3d 28, 32 (3d Cir. 2011). Thus, a debt collector may "seek voluntary repayment of the time-barred debt so long as the debt collector does not initiate or threaten legal action in connection with its debt collection efforts." *Id*. at 32-33. Whether the debt collector's communications threaten litigation in a manner that violates the FDCPA depends on the language of the communications as viewed from the perspective of the "least sophisticated debtor." *Id*. at 33 (citing *Brown v. Card. Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

In *Huertas*, the debt collection letter at issue "indicate[d] that Huertas's account ha[d] been reassigned, request[ed] that Huertas 'call to resolve this issue,' include[d] a privacy notice informing him that [the creditor] would be accessing his private information, and . . . indicate[d] that, if Huertas [did] not dispute the debt within thirty days of receiving the letter, [the debt collector] [would] assume the debt [was] valid." *Id*. at 33. The letter also stated, in bold, capital letters, "THIS IS AN ATTEMPT TO COLLECT A DEBT." *Id*. The Court concluded that "even the least sophisticated consumer" would not understand the contents of the letter to "explicitly or implicitly threaten litigation," as required for an FDCPA violation related to a time-barred debt. *Id*. at 33-34.

The letter at issue here is nearly identical in content to that in *Huertas*. Both letters state that the debt at issue has been assigned to a debt collector for collection, contain a privacy notice and other mandatory statutory language, and indicate that if the plaintiff did not dispute the validity of the debt within a reasonable number of days, the debt collector would assume that the debt was valid. Neither letter contains any language suggesting that any legal action had been initiated or threatened or that any such action would imminently follow. As such, *Huertas* clearly permits Elevate to seek voluntary repayment of Plaintiff's time-barred debt through the use of a letter such as the one sent in this case. *Id.* at 33 (holding that "it is appropriate for a debt collector to request voluntary repayment of a time-barred debt" so long as the request does not rely on the threat of litigation); *see also Johns*, 76 F.Supp.3d at 596 (collection letters stating that "this is an attempt to collect a debt by a debt collector," that the account "has been assigned to [defendant] for collection," and containing no threat of litigation, did not violate the FDCPA); *Forbes v. Capital Mgmt. Servs., L.P.*, 2016 WL 2617892, at *1 n. 1 (E.D. Pa. Feb. 1, 2016) ("CMS' letter to the plaintiff states that CMS was engaged by LVNV to resolve the debt, includes a privacy notice informing the plaintiff that CMS might collect her personal consumer information and indicates that if the plaintiff did not dispute the debt within thirty days of receipt of the letter, CMS would assume the debt was valid . . . Even the least sophisticated consumer would not understand CMS' letter to explicitly or implicitly threaten imminent litigation.").

Plaintiff attempts to distinguish *Huertas* on the basis that the letter he received from Elevate contained a settlement offer. According to Plaintiff, "a time-limited settlement offer could plausibly mislead an unsophisticated consumer to believe a debt is enforceable in court even if the offer is unaccompanied by any clearly implied threat of litigation." Doc. No. 14 at 21-22. In support of this proposition, Plaintiff cites *McMahon v. LVNV Funding, LLC*, 744 F.3d

6

1010 (7th Cir. 2014), in which the Court of Appeals for the Seventh Circuit held that a collection letter's offer to "settle" a debt might mislead an unsophisticated consumer into believing that the debt is legally enforceable. *Id*. at 1020. However, the Seventh Circuit, unlike the Third Circuit Court of Appeals, does not adhere to the requirement that a collection letter must "actually threaten[] litigation" in order to violate the FDCPA. *Id*. Indeed, the Seventh Circuit Court of Appeals in *McMahon* emphasized this distinction, explicitly noting that its conclusion "conflict[ed] with that of the Eighth and Third Circuits." *Id*. (citing *Huertas*, 641 F.3d at 33; *Freyermuth v. Credit Bureau Servs., Inc*., 248 F.3d 767, 771 (8th Cir. 2001)).

Relying on this distinction, district courts within the Third Circuit have predominantly held that an offer of settlement, without more, is insufficient to state a claim under the FDCPA. *See*, *e.g*., *Forbes,* 2016 WL 2617892, at *1 n. 1 (E.D. Pa. Feb. 1, 2016) (concluding that the use of the word "settlement" in a collection letter did not "threaten litigation in a manner that would violate the FDCPA"); *Johns*, 76 F.Supp.3d at 596 n. 3 (concluding that the defendant's use of the word "settlement" did not threaten litigation because "[t]here is nothing improper about making a settlement offer") (quoting *Campuzano-Burgos v. Midland Credit Mgmt., Inc*., 550 F.3d 294, 299 (3d Cir. 2008)). We reach the same conclusion here. *Huertas*, rather than *McMahon*, is binding precedent in this Circuit.

Under *Huertas*, our task is to consider whether a debt collection attempt threatens litigation in a manner that would deceive or mislead the least sophisticated debtor. The mere use of the word "settlement" simply does not represent such a threat. *Forbes*, 2016 WL 2617892, at *1 n. 1; *Johns*, 76 F.Supp.3d at 596 n. 3. Accordingly, Plaintiff has failed to state a claim for relief pursuant to the FDCPA.

Plaintiff's Complaint also asserts state law claims under the Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270.4(a), and the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 2270.5(a). Each of these claims is based entirely on the alleged violations of the FDCPA that have already been deemed legally deficient. Doc. No. 1-2 at ¶¶ 47-52; 73 P.S. § 2270.4(a) ("It shall constitute an unfair or deceptive debt collection act or practice under [the FCEUA] if a debt collector violates any of the provisions of the [FDCPA]"); 73 P.S. § 2270.5(a) ("If a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under [the FCEUA], it shall constitute a violation of the [UTPCPL]"). As such, each of Plaintiff's derivative claims must also be dismissed.

Finally, the Court notes that, because Plaintiff's claims are based entirely on the language of the collection letter attached to the Complaint, any attempt at amendment would be futile.

For the foregoing reasons, the Court will GRANT Defendant's Motion to Dismiss (Doc. No. 9) with prejudice. An appropriate Order follows.

    **SO ORDERED** this 24th day of August, 2016.

    s/Arthur J. Schwab
    Arthur J. Schwab
    United States District Judge

cc: ECF registered counsel of record