IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANK DITTIG,

    Plaintiff,                             16cv1155
                                          **ELECTRONICALLY FILED**

       v.

ELEVATE RECOVERIES, LLC.
and CF MEDICAL, LLC.,

    Defendants.

## MEMORANDUM ORDER RE: DEFENDANT CF MEDICAL, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. NO. 24)

On June 24, 2016, Plaintiff Frank Dittig ("Plaintiff") filed this action against Defendants in state court alleging violations of the Fair Debt Collection Practice Act, ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; Fair Credit Extension Uniformity Act, ("FCEUA"), 73 P.S. § 2270.4(a); and the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 2270.5(a). On August 24, 2016, the Court granted a Motion to Dismiss filed by Defendant Elevate Recoveries, LLC ("Elevate"), holding that Plaintiff failed to state a claim under the FDCPA, FCEUA, or UTPCPL. Doc. No. 19.

On October 19, 2016, Defendant CF Medical, LLC ("CF Medical") filed a Motion for Judgment on the Pleadings and supporting brief. Doc. Nos. 24 and 25. The Court set October 28, 2016 as the deadline for Plaintiff's response, doc. no. 26, but Plaintiff has not filed a response. For the reasons that follow, the Court will GRANT Defendant CF Medical's Motion for Judgment on the Pleadings.

## I. Legal Standards

When reviewing a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) based on the theory that the plaintiff failed to state a claim, the Court applies the same standard applied to motions to dismiss for failure to state a claim. *Caprio v. Healthcare Revenue Recovery Group, LLC*, 709 F.3d 142, 146-47 (3d Cir. 2013). To survive a motion to dismiss for failure to state a claim, the pleadings must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007).

## II. Discussion

Plaintiff's allegations are that CF Medical, through a letter sent by Elevate, engaged in deceptive and abusive debt collection practices by sending a collection letter with respect to a debt that is statutorily time-barred. *See* Doc. No. 19, p. 3. When deciding Elevate's Motion to Dismiss, the Court found that the letter sent by Elevate, which was attached to the Complaint, did not "explicitly or implicitly threaten litigation" as required for an FDCPA violation related to time-barred debt pursuant to the decision of the United States Court of Appeals for the Third Circuit in *Huertas v. Galaxy Asset Management*, 641 F.3d 28, 32 (3d Cir. 2011) (allowing for a debt collector to "seek voluntary repayment of a time-barred debt so long as the debt collector does not initiate or threaten legal action"). Doc. No. 19.

Plaintiff has not asserted any distinct cause of action against CF Medical. *See* Complaint at Doc. No. 1-2. Accordingly, the Court finds that Plaintiff has failed to state a claim against CF Medical, for the same reasons thoroughly discussed in the Memorandum Opinion granting Elevate's Motion to Dismiss.

**III. Conclusion**

For the reasons stated, the Court will GRANT CF Medical's Motion for Judgment on the Pleadings and DISMISS Plaintiff's claims against CF Medical with prejudice. Because Plaintiff's claims are based entirely on the language of the collection letter attached to the Complaint, the Court finds that amendment would be futile. An appropriate Order follows.

SO ORDERED, this 31st day of October, 2016,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge